2026 IL App (3d) 250218

Opinion filed August 10, 2026

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0218 Circuit No. 23-CF-292 |
| RASHAUN STEWART, | ) ) ) | Honorable Margaret M. O'Connell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ANDERSON delivered the judgment of the court, with opinion.
Justices Brennan and Peterson concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Rashaun Stewart, appeals from his convictions for being an armed habitual criminal (AHC) and for unlawful possession of a weapon by a felon (UPWF), arguing that the State failed to prove that his prior conviction for reckless discharge of a firearm was a qualifying forcible felony. Further, defendant contends that he is entitled to 716 days of presentence custody credit where he remained in the simultaneous custody of Du Page and Cook Counties for the pendency of the case. We reverse in part and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3         Defendant was charged with AHC (720 ILCS 5/24-1.7(a)(1) (West 2022)) and six counts of Class 2 felony violations of UPWF (*id.* § 24-1.1(a)) stemming from a January 15, 2023, event at a shooting range in Naperville. Count I alleged that defendant committed AHC by possessing a firearm after having been convicted of two forcible felonies. Count II and III alleged violations of UPWF for possessing a firearm after having been convicted of reckless discharge of a firearm and UPWF, respectively. Counts IV and V were eventually dismissed by the State and are, therefore, not at issue. Counts VI and VII alleged violations of UPWF for possessing firearm ammunition after having been convicted of the same respective forcible felonies. Relevant to this appeal, defendant had prior convictions for reckless discharge of a firearm and UPWF in separate Cook County cases, which the State relied on as predicate forcible felonies for the charges in the instant case. An arrest warrant was issued for defendant on February 9, 2023. On February 21, 2023, defendant was arrested on the Du Page County warrant and taken into custody in Cook County. Defendant remained in custody throughout the pendency of the case.

¶ 4         Prior to trial, defendant filed a motion to dismiss the AHC charge on the grounds that his prior reckless discharge of a firearm conviction did not qualify as a forcible felony pursuant to section 2-8 of the Criminal Code of 2012 (Code) (*id.* § 2-8). The record includes a transcript of the plea hearing from defendant's reckless discharge of a firearm conviction. The indictment in that case indicated that defendant had committed "reckless discharge of a firearm in that [he] discharged a firearm in a reckless manner which endangered the bodily safety" of the public. Defendant pled guilty to that offense and stipulated that the State's evidence would show that officers responded to a report of gunshots. Upon the officers' approach, defendant, who matched

the description provided to the police, fled on foot with a firearm in his hands. He then threw the weapon over a fence. Defendant "admitted that he had shot the weapon in the air."

¶ 5    In its written response to the motion to dismiss, the State proffered additional information regarding defendant's prior conviction. The proffer indicated that the calls that police received were for two individuals shooting at each other. During defendant's interview with police, he explained that he and his sister's boyfriend had been shooting at each other following a domestic dispute involving defendant's sister. Defendant "demonstrated how he held the gun in his hand, aimed the gun slightly above his sister's boyfriend's head, and fired the weapon."

¶ 6    On June 20, 2024, a hearing was held on the motion. Defendant argued that his reckless discharge of a firearm conviction was neither specifically listed as a forcible felony nor did the facts surrounding the conviction involve the use or threat of physical force against an individual. Defense counsel pointed out that the additional facts provided by the State appeared to be from police reports. He argued that the facts had never been sworn to or entered into evidence and were not part of the stipulated facts from the plea hearing. The State argued that they were not limited to the facts presented at the plea hearing and acknowledged that if the matter proceeded to trial without any stipulation as to the underlying case, it "would have to proveup those facts which [it] would do by calling witnesses." The State affirmed that they were in the position to call witnesses to testify regarding the statements.

¶ 7    The court denied the motion to dismiss based "solely on the transcript from the plea of guilty." It found that the facts presented at the plea hearing demonstrated that it was a "felony which involves the use or threat of physical force or violence against any individual." The court clarified that it was denying the motion in its current form but indicated that, if there was no stipulation as to the facts of the underlying felony prior to trial, it would be the State's burden to

3

secure testimony supporting their additional facts. The court stated that, if the State did not meet its burden or failed to fulfill the requirements for the underlying felony, then defendant could renew his motion to dismiss.

¶ 8        On January 6, 2025, a further hearing was held. Both the State and defense counsel agreed that once the court found the underlying felony qualified as a forcible felony, the State would only be required to prove the conviction at trial, not any of the facts surrounding the conviction. The parties requested a hearing date before trial for the State to present witnesses for the proffered additional facts. The court indicated that when it denied the motion to dismiss, it accepted the proffer presented by the State. The court stated that it found the reckless discharge of a firearm conviction to be a forcible felony and refused to have "an evidentiary hearing on something that happened in 2017 that was *** a plea." Defense counsel indicated that he would be filing a motion to reconsider and argued that a proffer of statements from police reports was hearsay and could not be considered in determining whether the conviction qualified as a forcible felony without an evidentiary hearing.

¶ 9        On January 14, 2025, defendant waived his right to a jury trial. Prior to the start of the bench trial, the court heard defendant's motion to reconsider. The court denied the motion, explaining that defendant's reckless discharge conviction qualified as a forcible felony under "the catchall language of the Illinois statute, in that [his] actions in 2017 were a threat of physical force or violence against any individual." The court stated that this finding was supported by the language of the indictment and the facts presented at the plea hearing. The case proceeded to trial. The State presented certified copies of his convictions for reckless discharge of a firearm and UPWF. Defendant was found guilty on all charges.

¶ 10    On March 26, 2025, the court denied defendant's posttrial motions. Defendant was sentenced to 10 years' imprisonment for AHC. Counts II and III merged into the AHC conviction. The court sentenced defendant to concurrent terms of four years' imprisonment on counts VI and VII. Defendant received 49 days of presentence custody credit for time spent in the Du Page County jail. Defendant appealed.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, defendant argues that his convictions for AHC and UPWF, as charged in count VI, must be reversed where the State failed to prove that his prior reckless discharge of a firearm conviction was a qualifying predicate conviction. Further, defendant argues that he received significantly less presentence custody credit than he was entitled to where he spent 716 days in the simultaneous custody of both Du Page and Cook Counties.

¶ 13                             A. Forcible Felony

¶ 14    The AHC statute provides, in pertinent part, that "[a] person commits the offense of being an [AHC] if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of *** a forcible felony as defined in Section 2-8 of this Code." 720 ILCS 5/24-1.7(a)(1) (West 2022). The UPWF statute provides that "[i]t is unlawful for a person to knowingly possess on or about his person or *** fixed place of business *** any firearm or any firearm ammunition if the person has been convicted of a felony." *Id.* § 24-1.1(a). Defendant maintains that, because reckless discharge of a firearm is not a forcible felony under section 2-8 of the Code, the State failed to present sufficient evidence to sustain his convictions for AHC and UPWF, as charged in count VI.

¶ 15    "[Q]ualifying convictions are elements of the offense." *People v. White*, 2015 IL App (1st) 131111, ¶ 28. "To sustain a conviction for the offense of [AHC], the State must prove the

5

defendant's prior convictions as well as his present conduct beyond a reasonable doubt." *People v. Brown*, 2017 IL App (1st) 150146, ¶ 17. The only contested element on appeal is whether defendant's reckless discharge of a firearm conviction is a qualifying forcible felony. "Interpretation of the forcible felony statute is an issue of law, which we review *de novo*." *People v. Sanderson*, 2016 IL App (1st) 141381, ¶ 5.

¶ 16    The parties agree that reckless discharge of a firearm is not included in the enumerated offenses in section 2-8 of the Code and, therefore, must qualify under the residual clause of the section, which provides that a forcible felony includes "any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2022). Crimes fall under the residual clause in one of two ways: (1) if one element of the underlying offense is a specific intent to perform a violent act, then every such instance of that offense will be considered a forcible felony or (2) where offenses do not carry violent intent as an element, it may still be considered a forcible felony if the State proves that, under the particular facts of the underlying case, defendant contemplated the use of force and was willing to use it. *People v. McGhee*, 2020 IL App (3d) 180349, ¶¶ 59-62.

¶ 17    The offense of reckless discharge of a firearm involves reckless conduct, "a conscious disregard of the consequences of one's actions," and not a specific violent intent. *People v. Coleman*, 131 Ill. App. 3d 76, 79 (1985). Accordingly, not every instance of reckless discharge of a firearm can be considered a forcible felony. We must look at the specific facts surrounding the conviction to determine whether defendant contemplated the use of force and was willing to use it.

¶ 18    Here, the record reflects sparse facts surrounding defendant's reckless discharge of a firearm conviction. The bill of indictment alleged the general statutory elements of the offense,

that defendant discharged a firearm in a reckless manner that endangered the bodily safety of the public. The stipulated evidence at the plea hearing merely demonstrated that defendant admitted to firing his gun into the air, fled on foot, and threw the gun over a fence once police arrived.

¶ 19    The additional facts proffered by the State to meet its burden that the reckless discharge offense was a forcible felony were not stipulated to and thus constituted impermissible hearsay. "Hearsay is an out-of-court statement offered in court to prove the truth of the matter asserted." *People v. Marcotte*, 337 Ill. App. 3d 798, 803 (2003). Such statements are inadmissible unless an exception applies. Ill. R. Evid. 802 (eff. Jan. 1, 2011). Police reports may be used for impeachment purposes or to refresh a witness's recollection but are inadmissible as substantive evidence. *People v. Wilder*, 356 Ill. App. 3d 712, 724 (2005); see *In re Estate of Frakes*, 2020 IL App (3d) 180649, ¶ 38 (observing that while police reports are generally inadmissible as substantive evidence, they "may be used to refresh a witness's recollection so long as the report is not merely read into evidence"). Here, the facts recited by the State from police reports were offered substantively to prove the truth of the matter. Even though the State indicated that it could call witnesses to testify to those facts, the record reflects that no such testimony was heard. Thus, we will not consider these facts in determining whether defendant's conviction for reckless discharge of a firearm constitutes a forcible felony as they were not properly admitted.

¶ 20    Based on the admissible evidence, defendant's reckless discharge conviction resulted from his firing a gun in a populated area. The record is silent as to how many individuals were in the area and whether they were outside near defendant or inside residences or vehicles in the general area. The evidence demonstrates only that defendant acted without regard for the potential danger to any individuals in the area but does not indicate that he was considering or willing to use force or violence against another person. While the inherent danger of the situation is evident, "a

7

defendant's knowledge that his actions might involve the threat or use of force or violence against an individual is not sufficient \*\*\* to make a felony a forcible felony under section 2-8." (Emphasis and internal quotation marks omitted.) *People v. Schmidt*, 392 Ill. App. 3d 689, 698 (2009). Without more, the State failed to meet its burden of proving beyond a reasonable doubt that defendant's prior reckless discharge of a firearm conviction was a qualifying forcible felony. Accordingly, the evidence presented at trial is insufficient to sustain any conviction that required the reckless discharge conviction to be considered a forcible felony as a matter of law. Defendant's conviction for AHC is reversed.

¶ 21        Similarly, we reverse defendant's conviction and sentence for UPWF, as charged in count VI. The record reflects that the State charged defendant with the Class 2 felony version of UPWF, specifically predicated on defendant having been previously convicted of reckless discharge of a firearm, a forcible felony. "Where an indictment charges all essential elements of an offense, other matters unnecessarily added may be regarded as surplusage." *People v. Collins*, 214 Ill. 2d 206, 219 (2005). In relevant part, an indictment must cite "the statutory provision alleged to have been violated and set forth in the language of the statute the nature and elements of the offense charged." *People v. Simpkins*, 48 Ill. 2d 106, 111 (1971). Consequently, because the State charged defendant with the Class 2 felony version of the UPWF statute, based on a prior forcible felony, it was required to prove the forcible nature of the prior conviction, as an essential element of the offense. Thus, where the State failed to prove that defendant's prior conviction for reckless discharge of a firearm was a forcible felony, the conviction for UPWF, as charged in count VI, cannot stand.

¶ 22        Finally, the record reflects that defendant was found guilty of other offenses that were unsentenced, as they merged with his AHC conviction. Because no sentence was imposed on either count, no final appealable judgment was entered. See *People v. Ross*, 2018 IL App (3d) 160478,

8

¶ 8. Accordingly, we lack the jurisdiction to address either of those counts. See *People v. Relerford*, 2017 IL 121094, ¶¶ 71, 75; *People v. Hale*, 2025 IL App (3d) 220510, ¶¶ 76-77. We, thus, remand for additional proceedings pertaining to these additional counts, consistent with this order.

¶ 23                              B. Presentence Custody Credit

¶ 24        Defendant next contends that he is entitled to additional presentence custody credit where he was in continuous custody on the instant case during its pendency, beginning on February 21, 2023. Defendant received 49 days of presentence custody credit for dates that he was personally present in Du Page County jail. Section 5-4.5-100(b) of the Unified Code of Corrections (Unified Code) provides that an offender "shall be given credit *** for the number of days spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-4.5-100(b) (West 2022). When a defendant is held in simultaneous custody on two unrelated charges, he is entitled to presentence custody credit against both sentences. *People v. Robinson*, 172 Ill. 2d 452, 462-63 (1996).

¶ 25        As an initial matter, the State argues that we lack jurisdiction to consider the merits of this argument because jurisdiction remains vested with the circuit court, pursuant to Illinois Supreme Court Rule 472 (eff. Feb 1, 2024). Rule 472 states that

> "(a) In criminal cases, the circuit court retains jurisdiction to correct the following
> sentencing errors at any time following judgment and after notice to the parties, including
> during the pendency of an appeal, on the court's own motion, or on motion of any party:
>
> * * *
>
> (3) Errors in the calculation of presentence custody credit;***
>
> * * *

9

(e) In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(a)(3), (e) (eff. Feb. 1, 2024).

¶ 26 Here, the record indicates that defendant failed to raise the issue of an error in the calculation of the credit in the circuit court and has therefore raised the issue for the first time on appeal. Thus, we lack jurisdiction to consider defendant's arguments. By rule, we are required to remand to the circuit court to permit defendant an opportunity to file a motion pursuant to Rule 472.

¶ 27 In reaching this conclusion, we reject defendant's argument that Rule 472 does not apply because this is a legal error and not merely a clerical error. The plain language of the statute encompasses errors in the denial of presentence custody credit, pursuant to section 5-4.5-100 of the Unified Code, whether clerical or legal. See *People v. Ford*, 2020 IL App (2d) 200252, ¶ 15, *overruled on other grounds by People v. Wells*, 2024 IL 129402, ¶ 28; *People v. Knight*, 2023 IL App (3d) 220198, ¶ 16. Further, any determination of ineffective assistance of counsel is premature where no findings have been made by the circuit court and defendant continues to have an avenue of relief. Any potential prejudice to defendant has not yet occurred.

¶ 28 For the foregoing reasons, we reverse defendant's convictions for AHC and UPWF as charged in count VI. We remand the cause to the circuit court for further proceedings regarding the unsentenced, previously merged offenses and to permit defendant the opportunity to file a Rule 472 motion.

¶ 29                                     III. CONCLUSION

¶ 30        The judgment of the circuit court of Du Page County is reversed in part and remanded for

further proceedings.

¶ 31        Reversed in part and remanded.

11

*People v. Stewart*, 2026 IL App (3d) 250218

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 23-CF-292; the Hon. Margaret M. O'Connell, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Santiago A. Durango, and Sekoya Pelayo, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Steven J. Biagi, Assistant State's Attorneys, of counsel), for the People. |